# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2302
Lower Tribunal No. 13-27522
_____

**Olga Karapetyan and Vadim Karapetyan,**
Appellants,

vs.

**Deutsche Bank National Trust Company, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellants.

Pearson Bitman LLP, and Allison Morat and Nicole D. McKee (Maitland), for appellee.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

LOGUE, J.

This appeal arises from a residential foreclosure. The borrowers seek review of the trial court's order denying their amended objection to the foreclosure sale.

The borrowers argue that the notice of the foreclosure sale did not comply with section 45.031(2), Florida Statutes (2015), which provides:

> Notice of sale shall be published once a week for 2 consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held. The second publication shall be at least 5 days before the sale.

Here, there is no dispute that the notice of foreclosure sale was printed in the Daily Business Review on Friday, April 15, 2016, and again on Friday, April 22, 2016. The sale took place on May 4, 2016, more than the required five days after the April 22, 2016 date of the second publication.

Appellants suggest that because the first publication occurred on April 15, 2016, we must consider that to be the beginning of an initial one-week period ending on April 21, 2016. The appellants further contend that the statute requires a second one-week period which, in this case, is the period from April 22 through April 29, 2016. They argue that this interpretation requires that the second publication occur on April 29, 2016 because it is the final day of the second full week. Under that methodology, the May 4, 2016 sale date falls short of the five-day statutory requirement, once the intervening weekends are considered. We reject this interpretation of the statute.

Publication occurred once during the week of April 15, 2016, and once again during the week of April 22, 2016, satisfying the "once a week for 2 consecutive weeks" requirement in the statute.  Accordingly, we affirm the order on appeal.

Affirmed.